IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                        No. CR 94-0023 RB

LAURA SILVIA MERAZ-LOYA,

    Defendant.

## ORDER DENYING MOTION

**THIS MATTER** comes before the Court on Ms. Loya's Motion to Withdraw Plea, filed on July 2, 2018. (Doc. 29.) Having considered the Motion, the arguments, and the relevant law, the Court will **deny** the Motion.

Ms. Loya asserts that the Court should withdraw her guilty plea because it was the product of fear and official misrepresentation. (*See* Doc. 34.) Ms. Loya purports to bring her Motion pursuant to Rule 1-060(B)(4) NMRA. (*See* Doc. 34 at 1.) The New Mexico state rules, however, are inapplicable in this context.

Ms. Loya pled guilty to Possession with Intent to Distribute Less than 50 Kilograms of Marijuana, in violation of 21 U.S.C. §§ 846, 841(a)(1), (b)(1)(D), pursuant to a written Memorandum of Understanding on March 15, 1994. (*See* Doc. 16.) The Court sentenced Ms. Loya to three years' probation on June 30, 1994. (Doc. 27.) Ms. Loya completed her sentence in 1997—more than 20 years ago.

As the Government notes, Ms. Loya's Motion is untimely under any applicable standard. (*See* Doc. 36.) Federal Rule of Criminal Procedure 11 provides that "[a]fter the court imposes sentence, the defendant may not withdraw a plea of guilty or nolo contendere, and the plea may be set aside only on direct appeal or collateral attack." Fed. R. Crim. P. 11(e).

If the Court treated it as a motion under 28 U.S.C. § 2255, it would be time-barred by the one-year statute of limitations. *See* 28 U.S.C. § 2255(f). Ms. Loya has not demonstrated that her motion would be timely under one of the three exceptions to the rule. *See id.* §§ 2255(f)(2)–(4). Moreover, because § 2255(a) specifically provides that such motions must be "filed by '[a] prisoner *in custody* under sentence of a court established by Act of Congress[,]' . . . courts do not consider the merits of § 2255 motions filed by persons no longer in custody." *Pilla v. United States*, 668 F.3d 368, 372 (6th Cir. 2012) (quoting 28 U.S.C. § 2255(a)). Ms. Loya is not in custody and may not bring a motion under § 2255.

Finally, Ms. Loya has not asserted that her motion should be equitably tolled, *see*, *e.g.*, *United States v. Gabaldon*, 522 F.3d 1121, 1124 (10th Cir. 2008), or that she is entitled to a Writ of Error Coram Nobis, *see United States v. Bustillos*, 31 F.3d 931, 934 (10th Cir. 1994).

For these reasons, the Court will dismiss Ms. Loya's motion as untimely.

**THEREFORE,**

**IT IS ORDERED** that Defendant's Motion to Withdraw Plea (Doc. 29) is **DENIED**.

_____
ROBERT C. BRACK
SENIOR U.S. DISTRICT JUDGE